AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
2016 NOV 29 P 1:39
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

## OFFENSE CHARGED

18 U.S.C. Section 2251(a) - Production of Visual Depictions of Minors Engaging in Sexually Explicit Conduct

18 U.S.C. Section 875(d) - Extortion Through Interstate Commerce

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: Production - Minimum Prison Term of 15 years and Maximum Prison Term of 30 years; Extortion - Max. Prison Term of 20 years; Maximum Fine of $ 250,000; Maximum Term of Supervised Release of 3 years; Mandatory Special Assessment of $100 per count.

### DEFENDANT - U.S

KRISHNA VIRAMONTES

DISTRICT COURT NUMBER
3 16 71543  MAG

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
HSI

[ ] person is awaiting trial in another Federal or State Court, give name of court _____

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY  [ ] DEFENSE

SHOW DOCKET NO. _____

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. _____

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under _____

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH
[X] U.S. Attorney  [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Maffei and Kreuzkamp

UNDER SEAL

### DEFENDANT

IS *NOT* IN CUSTODY
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District)

IS IN CUSTODY
4) [ ] On this charge
5) [ ] On another conviction  [ ] Federal [X] State
6) [X] Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution
San Francisco County

Has detainer been filed?  [ ] Yes  [ ] No   If "Yes" give date filed _____

DATE OF ARREST ▶  Month/Day/Year  9/29/16

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year _____

[ ] This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS  [ ] NO PROCESS*  [X] WARRANT   Bail Amount: No Bail

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: [X] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
16 NOV 29 P 1:39
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CA.

─── OFFENSE CHARGED ───

18 U.S.C. Section 2252(a)(2) - Receipt or Distribution of Child Pornography

18 U.S.C. Section 2252(a)(4)(B) - Possession of Child Pornography

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: Receipt - Minimum Prison Term of 5 years and Maximum Prison Term of 20 years; Possession - Max. Prison Term of 20 years; Maximum Fine of $250,000; Maximum Term of Supervised Release of 3 years; Mandatory Special Assessment of $100 per count.

DEFENDANT - U.S.
▶ HARRISON DRAKE LAMON

DISTRICT COURT NUMBER
3 16 71543

MAG

─── DEFENDANT ───

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)
HSI

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY  [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  BRIAN STRETCH
[X] U.S. Attorney  [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Maffei and Kreuzkamp

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) [ ] If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

IS IN CUSTODY
4) [ ] On this charge
5) [ ] On another conviction  } [ ] Federal  [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  [ ] Yes  [ ] No   If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

[ ] This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
[ ] SUMMONS  [ ] NO PROCESS*  [X] WARRANT   Bail Amount: No Bail

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| United States of America | ) |
| v. | ) |
| KRISHNA VIRAMONTES and HARRISON DRAKE LAMON | ) Case No. |
| | ) 3 16 71543 MAG |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __5/24/16 through 9/14/16__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Production of Visual Depictions of Minors Engaging in Sexually Explicit Conduct |
| 18 U.S.C. § 875(d) | Extortion Through Interstate Commerce |
| 18 U.S.C. § 2252(a)(2) | Receipt or Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

As set forth in the attached Affidavit of William Heppler, Sergeant with the San Francisco Police Department and Task Force Officer wtih the U.S. Department of Homeland Security

☑ Continued on the attached sheet.

Approved as to form:

_AUSA Karen Kreuzkamp_

_Complainant's signature_

William Heppler, SFPD Sgt., HSI Task Force Officer
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 11/29/2016

_Judge's signature_

City and state: San Francisco, California

Hon. Laurel Beeler, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, William Heppler, Sergeant with the San Francisco Police Department and Task Force Officer with the United States Department of Homeland Security (HSI), being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of a criminal Complaint against Krishna VIRAMONTES for violation of Title 18, United States Code, Sections 2251(a) (Production of Visual Depictions of Minors Engaging in Sexually Explicit Conduct) and 875(d) (Extortion Through Interstate Communications) and Harrison Drake LAMON for violation of Title 18, United States Code, Section 2252(a)(2) (Receipt or Distribution of Child Pornography) and 2252(a)(4)(B) (Possession of Child Pornography).

2. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

## AGENT BACKGROUND

3. I, Sgt. William Heppler #1726, am a San Francisco police officer. I am employed by the City and County of San Francisco and have been so employed for over ten years. I am currently assigned to the Investigations Bureau as an Inspector in the Special Victims Unit. In my current assignment, my primary responsibility is to investigate allegations of domestic violence, sexual assault, child physical and sexual abuse, and internet crimes against children. In connection with my duties and responsibilities as a law enforcement officer, I have also testified in judicial proceedings. I am also a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations.

4. During my career, I have investigated and or have been involved in the investigation of hundreds of domestic violence and child abuse cases. I have conducted interviews of victims and witnesses of domestic violence, sexual assault and child abuse. I have received formal training at the San Francisco Police Academy in, and am familiar with, the investigation, processing of evidence, and identification techniques associated with domestic violence, sexual assault, and child physical and sexual abuse. In addition to the San Francisco Police Academy, I have completed the following:

   a. 16 hour Search Warrant Preparation course (NCHIDTA)

   b. Bachelor of Science. California Polytechnic State University, San Luis Obispo

c. Advanced Peace Officer Standards and Training Certificate

   d. Robert Presley Institute of Criminal Investigation, 80-hour Basic Investigations Training

   e. Northern California HIDTA – Search Warrants "A Through Z" 2012

   f. Undercover and Plainclothes Operations Course.

   g. ICI Detective Symposium 2010-14 (CA POST)

   h. Detecting Danger Course (NCHIDTA)

   i. 40 hour Interview and Interrogation Course (BATI)

I have also received on the job training from seasoned inspectors regarding the investigation of cases involving child pornography and sexual enticement of children on-line.

5. The statements set forth in this affidavit are based on my own investigation, knowledge obtained from other HSI Task Force Officers, other law enforcement personnel; search warrants executed on the Subject's electronic accounts; my review of documents and computer records related to this investigation; oral and written communications with others who have personal knowledge of the events and circumstances described herein; review of public source information, including information available on the Internet; interviews with a Victim related to this investigation; and records received via legal process.

## APPLICABLE LAW

6. Title 18 U.S.C. § 2251(a) prohibits any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in any sexually explicit conduct for the purpose of producing any explicit depiction of such conduct or for the purpose of transmitting a live depiction of such conduct.

7. Title 18 U.S.C. § 875(d) prohibits any person who, with intent to extort from any person, any money or anything of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another.

8. Title 18 U.S.C. § 2252(a)(2) prohibits any person from knowingly receiving or distributing any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such conduct.

9. Title 18 U.S.C. § 2252(a)(4)(B) prohibits any person from knowingly possessing or accessing with the intent to view, or attempting or conspiring to possess or access with the intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

## DEFINITIONS

10. The following definitions apply to this Affidavit:

   a. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

   b. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A), is defined as actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic areas of any person.

   c. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

   d. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

   e. The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted,

3

or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

f. The term "child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors in sexually explicit poses or positions.

g. The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

h. "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer a range of options in providing access to the Internet including telephone based dial-up, broadband based access via digital subscriber line ("DSL") or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth, which the connection supports. Many ISPs assign each subscriber an account name – a user name or screen name, an "e-mail address," an e-mail mailbox, and a personal password selected by the subscriber. By using a computer equipped with a modem, the subscriber can establish communication with an Internet Service Provider ("ISP") over a telephone line, through a cable system or via satellite, and can access the Internet by using his or her account name and personal password.

i. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet. IP addresses are also used by computer servers, including web servers, to communicate with other computers.

j. "URL" is an abbreviation for Uniform Resource Locator and is another name for a web address. URLs are made of letters, numbers, and other symbols in a standard form. People use them on computers by clicking a pre-prepared link or typing or copying and pasting one into a web browser to make the computer fetch and show some specific resource (usually a web page) from another computer (web server) on the Internet.

k. "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-

up Language ("HTML") and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol ("HTTP").

## FACTS ESTABLISHING PROBABLE CAUSE AS TO VIRAMONTES

11. Information that I have collected over the course of this investigation establishes probable cause to believe that VIRAMONTES violated the following federal laws: Title 18, United States Code, Sections 2251(a) (Production of Visual Depictions of Minors Engaging in Sexually Explicit Conduct) and 875(d) (Extortion Through Interstate Communications).

12. On July 26, 2016, I was assigned to investigate a San Francisco Police Department (SFPD) Case that was generated from a Cybertipline Report made by the National Center for Missing and Exploited Children (NCMEC) and provided to the SFPD Internet Crimes Against Children (ICAC) Unit via the Silicon Valley ICAC Task Force.

13. The Cybertipline Report related to possible criminal activity submitted to NCMEC by Dropbox Inc. ("Dropbox"). Dropbox allows users to create a special folder on their computers, which Dropbox then synchronizes so that it appears to be the same folder (with the same contents) regardless of which device is used to view it. Files placed in this folder are also accessible via the Dropbox website and mobile apps. Dropbox uses afreemium business model, wherein users are offered a free account with a set storage size and paid subscriptions for accounts with more capacity.

14. Dropbox reported that a Dropbox user, who has the email address Krishna.VIRAMONTES@gmail.com; Screen/User name: Krishna; and User ID ending in 5790, had uploaded digital files including of child pornography, on May 24, 2016. The uploaded files included 10 videos of child pornography and 7 logs of uploads from the Dropbox user for a total of 17 digital files of suspected child pornography.

15. I reviewed the 10 digital files of submitted by Dropbox and confirmed the files are child pornography. Two examples of the files are detailed below:

> Example 1: file name - be605cf8-a844-488a-9099-30fa3b262894 - is a digital video that depicts an approximately 9-12 year old juvenile male completely nude laying on a bed, blindfolded, with a testicle clamp around his scrotum, and his hands and feet bound. A nude male adult with an erect penis ties the juvenile boys bound hands to a bed frame. The adult male begins to perform oral sex on the juvenile by while manually manipulating his own erect penis.

> Example 2: file name - bcd0850e-c412-447a-894a-60974c1b832c- is a digital video that depicts a nude prepubescent juvenile male genitalia, anus and legs. From the size of the development, the juvenile male is approximately 2-5 years of age. A nude adult male with an erect penis is shown sodomizing the juvenile boy.

5

16. I reviewed the (7) digital files of upload logs provided by Dropbox for the above described Dropbox user. The upload files date back to August of 2013. While reviewing the titles of the videos uploaded to the above mentioned Drobox user's account, I immediately recognized numerous title of videos consistent with title of child pornography videos, starting on 08/19/2013 with a video titled: /Private/BIBCAM suce_11 yo with 14yo.avi.

17. Additionally, an IP log for the above described Dropbox user was provided for dates and times the user uploaded videos to Dropbox. Of the IP addresses that were provided, one IP address was used in a greater frequency that any of the others provided. A check of publicly available records located online by an organization known as the American Registry of Internet Numbers, determined that the IP address is assigned to Comcast Cable Communications, LLC.

18. Based on my training and experience, I know that Internet Service Providers maintain, log, and store account information for subscribers which can include but not be limited to service address, e-mail accounts, IP history related to session dates and times, online digital storage, etc.

19. I completed a law enforcement database query of Krishna VIRAMONTES and obtained a date of birth, California Driver's License number, Social Security Number, and address.

20. Comcast Cable Communications, LLC confirmed the physical address to which the IP address was assigned. This address is the same address as the one identified for VIRAMONTES in the law enforcement database query.

21. Dropbox later provided additional digital media for the above described Dropbox user. The digital media was separated into seven electronic file folders, entitled "Apps"; "Camera Uploads"; "Jack"; "Lots of Stuff"; "Personal"; "Shared"; and "Theater Movies."

22. I completed a preview of the above mentioned digital media files located in the seven electronic file folders within Dropbox account. I located approximately, 287 child pornography videos and 392 child pornography images located in the Folder and associated subfolders entitled "Lots of Stuff." I located approximately, 21 child pornography videos and one child pornography image located in the Folder and associated subfolders entitled "Camera Uploads." I located approximately 27 child pornography videos and one child pornography image located in the Folder and associated subfolders entitled "Personal." I located approximately, 128 child pornography videos and 159 child pornography images located in the Folder and associated subfolders entitled "Shared."

23. In total, from my training and experience I identified approximately 463 digital videos of child pornography and 553 digital images of child pornography within the Dropbox account belonging to Krishna VIRAMONTES, approximately 21 GB of child pornography.

24. Below are Examples of child pornography located within VIRAMONTES' Drobox Account:

Example 1: Located in "Lots of Stuff" folder, Digital Video - 3e092048-62c4-467a-94ce-d921bb80cc2e 2.mp4. An approximately 0-18 month old infant is lying face down when an adult male inserts his finger into the infant child anus. The adult male proceeds to insert his erect adult male penis into the infant's anus.

Example 2: Located in "Lots of Stuff" folder, Digital Video - 1cda40b8-34ad-4f55-b210-f96836343e12.mp4. A juvenile male between the approximate ages of 4 and 7 years old is orally copulating an adult male erect penis.

Example 3: Located in "Lots of Stuff" folder, Digital Video - shoot12yo.mpg. A juvenile male between the approximate ages of 10 and 14 years old is laying on a bed. The juvenile's hands are bound with a brown rope. An adult male removes the juvenile's underwear and begins to manipulate the juvenile's penis. The adult male proceeds to digitally penetrate the juvenile with his finger and sodomize the juvenile with his erect penis.

Example 4: Located in "Shared" folder, Digital Video - 5.mp4. A juvenile male between the approximate ages of 6 and 9 is bound with rope, his hands are tied behind his back. The juvenile boy proceeds to orally copulate the erect penis of an adult male. The adult male proceeds to insert his erect penis into the anus of the juvenile boy and sodomize the boy. The adult male additionally digitally penetrates the buys anus with his finger. The juvenile boy's hands remain tied behind his back during the entire incident.

Example 5: Located in "Shared" folder, Digital Image - tumblr_n6zoeqobk71tdqvtqo1_1280.jpg. The image depicts two juvenile males approximately between the approximate ages of 9 and 13 years old completely nude laying head to toe. The juvenile boys are engaging in oral copulation of each other.

25. San Francisco police officers obtained a search warrant for the person and property of VIRAMONTES. They located him, took custody of his smart phone, and transported him to the SFPD Hall of Justice. There, VIRAMONTES was advised of his Miranda rights. He waived his rights and spoke with me and another officer.

26. VIRAMONTES statements included verification of his name, email address, Dropbox account, and last residential address. He admitted to possessing child pornography, including video of children as young as five years of age engaging in sexual acts. He further stated that he has been downloading and distributing child pornography for approximately one and a half years, often through the use of his Apple iPhone. VIRAMONTES was then placed

7

under arrest and booked into San Francisco County Jail for California Penal Code charges for the Possession and Distribution of child pornography.

27. SFPD ICAC Unit reviewed VIRAMONTES' iPhone and discovered he had engaged in a sexual relationship with a 15-year old boy (Minor One) from May of 2016 through September of 2016. SFPD ICAC Unit was able to locate Minor One.

28. The Minor One confirmed the sexual relationship with VIRAMONTES and indicated that VIRAMONTES had filmed some of their sexual encounters.

29. While examining VIRAMONTES' iPhone, the SFPD ICAC Unit discovered that VIRAMONTES had produced sexually explicit videos of having anal and oral sex with Minor One, whom he had tied to the bed using a scarf or rope, and had distributed those videos of Minor One to various other persons with whom he was actively trading child pornography. For example, on or about June 24, 2016, VIRAMONTES sent one such person a child pornography video of Minor One with the message "That was in my room." VIRAMONTES sent this person five more child pornography videos before sending him a video of VIRAMONTES performing oral copulation on Minor One. VIRAMONTES and this person then continue to text about all the sexual things they would want to do to Minor One.

30. Minor One told me that he sought to end the sexual relationship with VIRAMONTES in or around July 2016, but continued the sexual relationship because VIRAMONTES threatened to reveal the child pornography videos of Minor One to Minor One's Parents.

31. For example, on or about September 9, 2016, Minor One received the following series of Instagram messages from VIRAMONTES:

VIRAMONTES:

> DON'T IGNORE ME (Minor One)
> You could've had an orgy with you being the center
> But go ahead meet some else
> They're going to abuse you
>
> Don't play with me
> You will be the one to get fucked in the end kid
>
> I have every message you've ever sent to me there is nothing you can say or manipulate to make you sound good. I have the real you. Every time you come over you're on camera.
>
> You can't refute digital evidence
> Please try me
> Please you'll be scared to walk out your front door
> Sleep well

8

> You're going to get mail every day of the week
> I hope your parents like the video footage they see
>
> I have your parents email and Facebook
> I'm sending them some files of things you do
> You don't wanna answer me
>
> Wait until 10minutes
> 10minutes I will start sending files
>
> One every hour
>
> Yea you fucking other guys

Minor One:
> please don't
> It's not funny

32. Instagram owns and operates a free-access social-networking website of the same name that can be accessed at http://www.instagram.com. Users can access Instagram through the Instagram website or by using a special electronic application created by the company that allows users to access the service through a mobile device. Instagram allows users to send interstate and foreign communications to other users using connections to the Internet, an international network of interconnected computers.

## FACTS ESTABLISHING PROBABLE CAUSE AS TO LAMON

33. Information that I have collected over the course of this investigation establishes probable cause to believe that Harrison Drake LAMON violated the following federal laws: Title 18, United States Code, Section 2252(a)(2) (Receipt of Distribution of Child Pornography) and 2252(a)(4)(B) (Possession of Child Pornography).

34. The SFPD ICAC Unit review of VIRAMONTES' iPhone also discovered message communications between VIRAMONTES and an individual identified as "Harrison" from at least June 26, 2016. I conducted a records check and found that the telephone number associated with "Harrison" in VIRAMONTES' iPhone was associated with Harrison D. LAMON. Further records check and search warrants issued to telephone service providers confirmed the telephone number VIRAMONTES associated with "Harrison" is used by Harrison D. LAMON.

35. VIRAMONTES and LAMON exchanged child pornography. On July 7, 11, 12, and 13, 2016, VIRAMONTES sent LAMON nine (9) child pornography videos. One of the videos depicts a prepubescent boy, approximately seven (7) years old, having oral and anal intercourse with an approximately twelve (12) year old boy in a field.

36. VIRAMONTES sent LAMON additional child pornography videos depicting prepubescent children engaged in sexual acts on or about August 27, 2016 and September 6, 2016.

37. On or about July 16, 2016 LAMON sent VIRAMONTES two (2) child pornography images. One of the images depicts two approximately nine (9) to ten (10) year old juvenile boys. One of the boys has his penis exposed and the other child is grasping it with his hand, masturbating the other child.

38. On or about September 4, 2016, LAMON sent VIRAMONTES child erotica images. The images depict prepubescent juvenile boys in various stages of undress and posing in sexually provocative poses.

39. On or about September 7, 2016, LAMON sent VIRAMONTES several child pornography and child erotica images. The child pornography images depict prepubescent juvenile boys engaging in sexual acts, and the child erotica depict prepubescent juvenile boys in various stages of undress and posing in sexually provocative poses. LAMON sent VIRAMONTES additional child pornography and child erotica images on or about September 8, 11, 13, and 14, 2016.

## **CONCLUSION**

40. Based on the above mentioned investigation and arrest of VIRAMONTES on California State Penal Code Charges and images contained in VIRAMONTES above mentioned Dropbox Account, on his iPhone and in his various Social Media Account (Facebook, Instagram, KIK) I believe that VIRAMONTES obtained and possessed child pornography. Based upon the forensic analysis of the Chats that VIRAMONTES had on his iPhone and through his social media account, as well as Minor One's statement, I believe that VIRAMONTES produced, distributed and received child pornography.

41. Based on my training and experience and the facts set forth in this Affidavit, there is probable cause to believe that VIRAMONTES produced one or more visual depictions of a minor engaging in sexually explicit conduct and of child pornography, in violation of 18 U.S.C. § 2251(a), and, with the intent to extort, transmitted in interstate commerce, communication of a threat to another person, in violation of 18 U.S.C. § 875(d).

42. Based on my training and experience and the facts set forth in this Affidavit, there is probable cause to believe that LAMON knowingly received or distributed child pornography, in violation of 18 U.S.C. § 2252(a)(2) and knowingly possessed child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

//

//

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

_[signature]_

William Heppler
Sergeant – SFPD ICAC/
Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me on November __29__, 2016.

_[signature]_

HONORABLE LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE